**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

JAMES THOMAS, M.D.,

    Plaintiff,

    v.

LEHIGHTON EMERGENCY MEDICAL ASSOCIATES, P.C., and PALMERTON EMERGENCY MEDICAL ASSOCIATES, P.C.,

    Defendants.

CIVIL ACTION NO. 3:12-0655

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is the Motion to Dismiss Plaintiff's Amended Complaint (Doc. 12) filed by Defendants Lehighton Emergency Medical Associates, P.C. ("LEMA") and Palmerton Emergency Medical Associates, P.C. ("PEMA"). Plaintiff James Thomas, M.D., alleges that he was unlawfully terminated from his employment as an Emergency Room Physician at Palmerton Hospital on account of his age, because he had cancer, and due to his race/national origin. Plaintiff also asserts supplemental state law claims. Defendants have moved to dismiss Plaintiff's age discrimination claims (Counts I and II), his race/national origin discrimination claim (Count IV), and his *quantum meruit* claim (Count VI). Because Plaintiff has adequately stated claims for age and race/national origin discrimination, Defendants' motion to dismiss Counts I, II, and IV will be denied. However, because Plaintiff fails to adequately state a *quantum meruit* claim, Count VI of the Amended Complaint will be dismissed.

### I. Background

The facts as alleged in the Amended Complaint are as follows:

Plaintiff James Thomas, M.D., ("Dr. Thomas") was born on July 17, 1949. (*Am.*

*Compl.*, ¶¶ 1, 16.)  Dr. Thomas is an American citizen of Asian origin who is a native of the country of India and who suffers from Non-Hodgkin's Lymphoma. (*Id*. at ¶ 48, 63.)

Defendants PEMA and LEMA are business organizations organized under the laws of the Commonwealth of Pennsylvania. (*Id.* at ¶¶ 2-3.)  At all relevant times, PEMA and LEMA were joint employers of Plaintiff or the alter ego of each other. (*Id*. at ¶ 4.)

Dr. Thomas was hired to work for LEMA as an Emergency Room Physician on March 1, 2010.  (*Id*. at ¶ 5.)  Pursuant to the terms of a written contract, Dr. Thomas was hired solely to work at the Palmerton Hospital in Carbon County, Pennsylvania. (*Id*. at ¶¶ 6, 8.) LEMA took over operating and staffing the emergency room at Palmerton Hospital in or about January 2010. (*Id*. at ¶ 7.)  Although the contract was between Dr. Thomas and LEMA, the parties had an arrangement where his paychecks would come from PEMA. (*Id*. at ¶ 9.)

Despite always receiving positive reviews, Dr. Thomas was terminated by Sharon Penetar on July 27, 2010. (*Id*. at ¶¶ 10-11.)  Ms. Penetar refused to give Dr. Thomas an explanation for his termination. (*Id*. at ¶ 11.)  Yet, during his employment, Dr. Thomas was professional and diligent with an excellent performance and attendance record. (*Id*. at ¶ 20.)

Prior to his termination, Dr. Thomas complained to his supervisors about a younger white nurse who almost killed a patient. (*Id*. at ¶ 65.)  Defendants objected to an Indian doctor complaining about a white nurse and Dr. Thomas was thereafter terminated. (*Id*. at ¶¶ 65-66.)

At the time of his termination, Dr. Thomas was known to have Non-Hodgkin's Lymphoma and was sixty-one (61) years old. (*Id*. at ¶ 17, 48, 51.)   And, at this time, Dr. Thomas was qualified for the Emergency Room Physician position. (*Id*. at ¶ 23.)  After he was terminated, Dr. Thomas was replaced by a substantially younger worker that was not Indian or dark-skinned. (*Id*. at ¶¶ 23-24, 63.)

As a result of the foregoing events, Dr. Thomas commenced this action against LEMA and PEMA on April 9, 2012. After Defendants filed a motion to dismiss, Dr. Thomas filed an Amended Complaint on May 18, 2012. The Amended Complaint asserts the following claims: violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq*. (Counts I and II); violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq*., against LEMA (Count III); violation of Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. §§ 2000e, *et seq*., against LEMA (Count IV); breach of contract against LEMA (Count V); and *quantum meruit* against PEMA (Count VI). Now, Defendants seek dismissal of the ADEA claims, the Title VII claim, and the *quantum meruit* claim. (Doc. 12.) As Defendants' motion has been fully briefed, it is ripe for disposition.

## II. Discussion

### A. Legal Standard for a 12(b)(6) Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of their claims. *See Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000). The Court does not consider whether a plaintiff will ultimately prevail. *See id*. A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the ... claim is and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127

S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Detailed factual allegations are not required. *Twombly*, 550 U.S. at 555.  However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Instead, a complaint must "show" this entitlement by alleging sufficient facts. *Id*.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009).

As such, the inquiry at the motion to dismiss stage is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly,* 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949.  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. at 1949**.**

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The

Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id*. The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions.'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997)).

**B.     Defendants' Motion to Dismiss**

Defendants seek dismissal of Dr. Thomas' ADEA claims (Counts I and II), the Title VII claim (Count IV), and the *quantum meruit* claim.

### 1.     Age Discrimination Claims (Counts I and II)

Defendants' motion to dismiss the ADEA claims will be denied. The ADEA makes it unlawful "to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 621(a)(1). The purpose of this statute is to "prohibit age discrimination in employment" and "to promote employment of older persons based on their ability rather than age." 29 U.S.C. § 621(b).

"To state a claim for age discrimination under the ADEA, a plaintiff must allege that (1) he is over forty, (2) he is qualified for the position in question, (3) he suffered from an adverse employment decision, and (4) his replacement was sufficiently younger to permit a reasonable inference of age discrimination." *Hill v. Borough of Kutztown*, 455 F.3d 225, 248 (3d Cir. 2006) (citing *Potence v. Hazleton Area Sch. Dist.*, 357 F.3d 366, 370 (3d Cir. 2004)).

Dr. Thomas has adequately stated an age discrimination claim under the ADEA against PEMA and LEMA. In particular, Dr. Thomas was sixty-one (61) years old when he

was terminated. (*Am. Compl.*, ¶¶ 17, 21.) And, Dr. Thomas has adequately alleged that he was qualified for the position from which he was terminated at the time of his discharge. (*Id*. at ¶¶ 20, 23.) Lastly, Dr. Thomas alleges that he was terminated because of his age and he was replaced with a substantially younger worker. (*Id*. at ¶¶ 22-24.) Thus, unlike in the case relied on by Defendants in support of their motion to dismiss, *Santiago v. Brooks Range Contract Servs., Inc.*, No. 11-7269, 2012 WL 1019060 (E.D. Pa. Mar. 26, 2010), where it was "merely pled that Plaintiff was seventy-three years old when not hired," Dr. Thomas in this case has specifically alleged that he "was replaced by someone younger than him." *Id*. at *2. Accordingly, Dr. Thomas may proceed on the ADEA claims in Counts I and II.

### 2. Race/National Origin Discrimination Claim (Count IV)

LEMA's request for dismissal of Dr. Thomas' Title VII claim will be denied. Title VII states that "[i]t shall be an unlawful employment practice for an employer . . . to discharge any individual, or otherwise to discriminate against any individual . . . because of such individual's race, color, religion, sex, or national origin . . . ." 42 U.S.C. § 2000e–2(a).

To state a claim for discrimination under Title VII, Dr. Thomas must show that: (1) he belongs to a protected class; (2) he was qualified for the position; (3) he was subject to an adverse employment action despite being qualified; and (4) under circumstances that raise an inference of discriminatory action. *See Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003).

Dr. Thomas has sufficiently stated a claim for discrimination based on his race and/or national origin. In particular, Dr. Thomas has alleged that he belongs to a protected class, as he "is an American citizen of Asian origin who is a native of the country of India." *(Am. Compl.*, ¶ 62.) Furthermore, Dr. Thomas alleges that he was terminated from a position that he was otherwise qualified for. (*Id*. at ¶¶ 23, 62.) And, the circumstances giving rise to an

inference of discrimination have been pled, as Dr. Thomas alleges that he was terminated due to his race/national origin after complaining to his supervisor about a younger white nurse. (*Id*. at ¶¶ 65-66.) LEMA's motion to dismiss the Title VII claim will therefore be denied.

### 3. *Quantum Meruit* Claim (Count VI)

Lastly, PEMA seeks dismissal of Dr. Thomas' *quantum meruit* claim. PEMA argues that the *quantum meruit* claim fails as a matter of law because Dr. Thomas alleges that a written contract governs his relationship with LEMA. Furthermore, PEMA asserts that Dr. Thomas does not allege that PEMA failed to provide payment for services Plaintiff had previously performed.

Dr. Thomas' *quantum meruit* claim will be dismissed. In Pennsylvania, the elements necessary to prove that a party is entitled to recovery on the basis of the equitable doctrine of unjust enrichment are: (1) benefits conferred on one party by another; (2) appreciation of such benefits by the recipient; and (3) acceptance and retention of these benefits in such circumstances that it would be inequitable for the recipient to retain the benefits without payment of value. *See Allegheny Gen. Hosp. v. Phillip Morris, Inc.*, 228 F.3d 429, 447 (3d Cir. 2000). "'[T]he doctrine of unjust enrichment is inapplicable where the relationship between the parties is founded upon a written agreement or express contract.'" *Leder v. Shinfeld*, 609 F. Supp. 2d 386, 408 (E.D. Pa. 2009) (quoting *Wilson Area Sch. Dist. v. Skepton*, 586 Pa. 513, 895 A.2d 1250, 1254 (2006)). Furthermore, "the alleged benefit that [Defendants] could receive in the future is irrelevant because to establish an unjust enrichment claim, it must be shown that the benefit has already been conferred." *Bouriez v. Carnegie Mellon Univ.*, No. 02-2104, 2005 WL 3006831, at *12 (W.D. Pa. Nov. 9, 2005) (citing *Scaramuzza v. Sciolla*, No. 04-1270, 2004 WL 2063062, at *3 (E.D. Pa. Sept. 14, 2004) ("it is well established that an unjust enrichment action will fail based on allegations

7

of future benefits")).

Although Dr. Thomas' claim may not be barred by a written contract- his claim is against PEMA and the contract was with LEMA- the claim fails because Dr. Thomas does not allege that PEMA accepted and retained benefits without payment of value.  And, as an unjust enrichment or *quantum meruit* claim cannot be based on allegations of future benefits PEMA may have received, Dr. Thomas has failed to state a claim for which relief can be granted in Count VI of the Amended Complaint and PEMA's motion to dismiss will be granted.  However, because it is not clear from the Amended Complaint whether Plaintiff is asserting that he was not compensated for services rendered to PEMA, he will be given the opportunity to amend his *quantum meruit* claim.

### III. Conclusion

For the above stated reasons, Defendants' motion to dismiss will be granted in part and denied in part.

An appropriate order follows.

| | |
|---|---|
| August 15, 2012 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |